**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ———————————————— ) | | |
| **HENRY J. BOUNPHASAYSONH,** ) | | **CIVIL ACTION** |
| ) | | **NO.  4:19-40085-TSH** |
| **Plaintiff,** ) | | |
| ) | | |
| **v.** ) | | |
| ) | | |
| **TOWN OF WEBSTER, TIMOTHY J.** ) | | |
| **BENT, DOUGLAS C. WILLARDSON,** ) | | |
| **MICHAEL SHAW, and JAMES HOOVER** ) | | |
| ) | | |
| **Defendants.** ) | | |
| ———————————————— ) | | |

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 65)

**August 3, 2022**

**HILLMAN, D.J.**

Henry J. Bounphasaysonh ("Plaintiff") commenced this action against the Town of Webster (the "Town") and several members of the Town administration and police department (collectively, "Defendants") for employment discrimination claims under federal and state law. Plaintiff alleges that Defendants denied him employment as a police officer based on his race and national origin.  Defendants move for summary judgment.  (Docket No. 65).  For the following reasons, the Court **_grants in part_** and **_denies in part_** the motion.

### Background

Plaintiff is a Town resident of Laotian descent.  In 2015, he took the Massachusetts civil service exam for police officers, an exam designed to "fairly test the knowledge, skills and abilities . . . required to perform the primary or dominant duties of the position."  *See* M. G. L. c. 31, § 16. Plaintiff scored a 96 out of 100.

In Massachusetts, when a hiring authority identifies an open civil service position, the administrator of the civil service exam certifies a list of eligible candidates, ranked in order of their exam scores, to the authority. *See Malloch v. Town of Hanover*, 37 N.E.3d 1027, 1033 (Mass. 2015). The hiring authority does not need to hire the highest-ranked candidate, but if it bypasses a higher-ranked candidate for a lower-ranked candidate, it must provide a written statement of its reasons for doing so. *Id.* "The fundamental purpose of the civil service system is to guard against political considerations, favoritism, and bias in governmental hiring and promotion." *Massachusetts Ass'n of Minority Law Enforcement Officers v. Abban*, 748 N.E.2d 455, 458 (Mass. 2001).

Plaintiff applied for a full-time officer position with the Town police department (the "WPD") and, due to his exam score, was ranked highly among a list of certified candidates. The Town interviewed Plaintiff for the position but chose not to hire him, opting instead to hire someone lower on the list. Thereafter, when Plaintiff applied for multiple part-time officer positions, the Town continued to bypass him for lower-ranked candidates. Each of the candidates the Town hired over Plaintiff was white. In written statements, the Town justified its decision not to hire Plaintiff on several grounds. The Town perceived Plaintiff as dishonest and unmotivated, a poor interviewer, and unknowledgeable about the duties and responsibilities of police officers.

In 2017, Plaintiff appealed the Town's decision not to hire him for a part-time officer position to the Massachusetts Civil Service Commission (the "CSC"). The CSC is charged with determining whether a hiring authority's decision to bypass a higher-ranked candidate for a lower-ranked candidate is reasonably justified and sufficiently supported by credible evidence. *See Malloch*, 37 N.E.3d at 1035. Here, the CSC concluded that the Town's decision not to hire Plaintiff for a part-time position was not adequately supported by the evidence. The CSC found that the

Town's "primary" reason, which "permeated the entire decision-making process," was a belief that Plaintiff was dishonest. That belief, however, in the CSC's view, was based on "false premises, unreliable hearsay, miscommunication and sloppiness." The CSC also found unsupported by the evidence the Town's assertions that Plaintiff was unmotivated and a poor interviewer. Consequently, the CSC ordered the Town to place Plaintiff at the top of its list for the next available part-time officer position.[1]

Following the CSC's decision, on November 30, 2018, Plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination. After receiving a right-to-sue letter, Plaintiff filed this action on June 24, 2019. Plaintiff alleges employment discrimination based on his race and national origin under Title VII and M. G. L. c. 151B.[2]

Since the CSC's decision, the Town has not hired anyone for a WPD part-time officer position without first notifying Plaintiff. However, the Town has hired numerous individuals for full-time officer positions. In 2018, the Town hired four full-time officers who were white. In 2019, the Town hired one full-time officer who was Hispanic. In February 2020, the Town interviewed Plaintiff for another part-time officer position. About 20-30 minutes into the interview, Plaintiff acknowledged that he was not dedicated to becoming a police officer and withdrew his application from consideration.

## Legal Standard

---

[1] Plaintiff did not allege discrimination, and the CSC's decision does not mention Plaintiff's race or national origin, nor does it suggest that the Town's decision was discriminatory.

[2] Plaintiff also alleges retaliation, a violation of his Fourteenth Amendment equal protection rights, supervisory liability, municipal liability, and conspiracy. While Defendants have moved for summary judgment on these claims, Plaintiff makes no argument in opposition. Accordingly, the Court deems them forfeited, *see Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n.3 (1st Cir. 2005), and grants summary judgment on them in favor of Defendants.

3

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue is "genuine" when a reasonable factfinder could resolve it in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it may affect the outcome of the suit. *Id.* When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

### Discussion

Plaintiff's federal and state employment discrimination claims are governed by a three-part burden-shifting framework. First, Plaintiff must make out a prima facie case of discrimination. This requires Plaintiff to establish (i) that he is a member of a protected class, (ii) that he applied for and was qualified for an open position, (iii) that he was rejected despite his qualifications, and (iv) that the position remained open or was filled by someone with similar qualifications. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Caraballo-Caraballo v. Correctional Admin.*, 892 F.3d 53, 57 (1st Cir. 2018); *Sullivan v. Liberty Mut. Ins. Co.*, 825 N.E.2d 522 (Mass. 2005).

Second, if Plaintiff makes out a prima facie case, the burden shifts to Defendants "to articulate a legitimate, non-discriminatory reason for [the] employment decision and to produce credible evidence to show that the reason advanced was the real reason." *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 105 (1st Cir. 2005).

Third, if Defendants offer a legitimate, non-discriminatory reason for their decision, the burden shifts back to Plaintiff to present evidence from which a jury reasonably could find that

Defendants' facially proper reason was a pretext for discrimination. *See Theidon v. Harvard Univ.*, 948 F.3d 477, 505 (1st Cir. 2020). Under Massachusetts law, Plaintiff must show that Defendants' proffered reason was pretextual. *See Gannon v. City of Boston*, 73 N.E.3d 748, 757 (Mass. 2017). Under federal law, Plaintiff must show that Defendants' proffered reason was pretextual and that Defendants' real reason was discriminatory. *See Lang v. Wal-Mart Stores East, L.P.*, 813 F.3d 447, 457 (1st Cir. 2016).

*1. Prima Facie Case*

Plaintiff asserts that he can make out a prima facie case of discrimination. Defendants contend that Plaintiff was not qualified for the positions for which he applied, largely because he lacked prior law enforcement or military experience. Defendants' contention is unsupported. Defendants do not explain why prior law enforcement or military experience determines an individual's qualification for a position as an entry-level, part-time police officer. Indeed, defendant Timothy Bent, the Town's former Chief of Police, testified that he did not have police or military experience prior to joining the WPD as a part-time officer.

Defendants further argue that the positions for which Plaintiff applied were filled by more qualified individuals. In seeking to set forth the hired individuals' qualifications, however, Defendants point only to the Town's bypass letters, which, when offered for the truth of their contents, are inadmissible. *See Davila v. Corporacion De Puerto Rico Para La Difusion Publica*, 498 F.3d 9, 17 (1st Cir. 2007).

Plaintiff has made out a prima facie case of discrimination. *See Caraballo-Caraballo*, 892 F.3d at 57 (making out a prima facie case is not meant to be an onerous burden). Viewing the evidence in Plaintiff's favor, Plaintiff is a member of a protected class; Plaintiff applied for part-

time positions for which he was qualified; Plaintiff was bypassed for the positions; and the positions were filled by other individuals not differently qualified.

### 2. Non-discriminatory Reason

Defendants argue that, even if Plaintiff can make out a prima facie case of discrimination, their proffered reasons for not hiring Plaintiff were non-discriminatory.  As set forth in the Town's bypass letters, Defendants perceived Plaintiff as dishonest, unmotivated, unknowledgeable, and a poor interviewer.  Defendants' burden is one of production, not persuasion.  *See Zabala-De Jesus v. Sanofi-Aventis Puerto Rico*, 959 F.3d 423, 429 (1st Cir. 2020).  Defendants' reasons, documented at the time of their decision, were facially non-discriminatory.

### 3. Pretext for Discrimination

Plaintiff contends that Defendants' proffered reasons were a pretext for discrimination.  "A plaintiff can establish pretext by showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons such that a factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons."  *Taite v. Bridgewater State Univ., Bd. of Trustees*, 999 F.3d 86, 94 (1st Cir. 2021) (cleaned up).  Plaintiff can withstand summary judgment on his Massachusetts discrimination claim by demonstrating pretext alone.  *See Bulwer v. Mount Auburn Hosp.*, 46 N.E.3d 24, 33 (Mass. 2016).  To withstand summary judgment on his federal discrimination claim, Plaintiff must demonstrate pretext and a discriminatory motive.  *See Mesnick v. General Elec. Co.*, 950 F.2d 816, 824 (1st Cir. 1991).

Relying on the CSC decision, Plaintiff argues that the reasons articulated by Defendants were contrived, unfair, and dishonest.  The CSC sought to determine "on the basis of the evidence before it, whether the [Town] sustained its burden of proving, by a preponderance of the evidence,

that there was reasonable justification" for bypassing Plaintiff.  *See Brackett v. Civil Service Com'n*, 850 N.E.2d 533, 543 (Mass. 2006).  The CSC concluded that there was not, finding that the Town's conclusions that Plaintiff was dishonest, unmotivated, and a poor interviewer were not sufficiently supported by the record.

Defendants argue that their reasoning has been consistent throughout; they claim that their decision was based on Plaintiff's lack of work experience and motivation to be a police officer, and that the candidates chosen over Plaintiff were more qualified.  As the CSC found (and as is apparent from the Town's bypass letters), however, the Town's belief that Plaintiff was untruthful was the "primary" reason for the Town's decision and "permeated the entire decision-making process."  That Defendants have now shifted away from this reasoning is itself an inconsistency, giving rise to an inference of pretext.  Accordingly, summary judgment on Plaintiff's Massachusetts discrimination claim is <u>denied</u>.  *See Lipchitz v. Raytheon Co.*, 751 N.E.2d 360, 366 (Mass. 2001); *President & Fellows of Harvard College*, 731 N.E.2d 1075, 1085-86 (Mass. 2000).

For Plaintiff to withstand summary judgment on his federal discrimination claim, unlawful discrimination must have been "a determinative factor" in the Town's decision not to hire him. *See Feliciano de la Cruz v. El Conquistador Resort and Country Club*, 218 F.3d 1, 8 (1st Cir. 2000); *see also Hidalgo v. Overseas Condado Ins. Agencies, Inc.*, 120 F.3d 328, 337 (1st Cir. 1997).  Plaintiff has produced evidence suggesting that each of the candidates hired over him was white; that a majority of candidates hired for full-time officer positions after the CSC's decision were white; and that none of the officers in the Town's police department are of Asian descent. Combined with evidence of pretext, *see Dominguez-Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 430 n.5 (1st Cir. 2000), evidence of the WPD's past hiring practices and composition permit an

inference of discriminatory animus, *see Ahmed v. Johnson*, 752 F.3d 490, 503-04 (1st Cir. 2014).

Thus, summary judgment on Plaintiff's federal discrimination claim is likewise <u>denied</u>.

## Conclusion

For the reasons stated, the Court ***denies*** summary judgment on Plaintiff's Title VII discrimination claim (Count I) and M. G. L. c. 151B discrimination claim (Count IV) and ***grants*** summary judgment on Plaintiff's remaining claims.


**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**